UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LEAF FUNDING, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:08-CV-144 CAS |
| JEREMY RUDY, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for default judgment. A Clerk's Entry of Default was entered against defendant Jeremy Ruby d/b/a Ruby Farms on October 22, 2008. Plaintiff seeks damages alleged to have resulted from defendant's breach of two equipment lease agreements. Despite having recovered the equipment subject to the leases, plaintiff seeks $115,774.30 in damages for past rent due, all future rent, late charges, taxes, fees and prejudgment interest, in addition to $2,482.48 for attorneys' fees and costs.

Prior to the entry of a default judgment, the Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of his claim. 10 James Wm. Moore et al., Moore's Federal Practice § 55.20[2][b] (3d ed. 2007); Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir. 1980). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor v. City of Ballwin, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988)). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental

hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

After having reviewed plaintiff's memorandum in support of default judgment and the documentation provided, including two affidavits and copies[1] of the two lease agreements and assignments, the Court finds plaintiff has not provided the Court with the necessary information or legal authority to enter a judgment in the amount of damages plaintiff seeks. The Court finds a number of unanswered questions remain that preclude the entry of default judgment, perhaps chief among them is which state's law applies. Plaintiff will be granted thirty days from the date of this Memorandum and Order to file a memorandum of law, with citations to relevant legal authority, to establish the damages to which it believes it is entitled. For each category of damages plaintiff seeks, plaintiff shall provide the Court with legal authority to support the damage request.

In its memorandum, plaintiff shall provide the Court with the necessary factual and legal authority to determine: (1) which state's law applies; (2) the enforceability of the acceleration clause contained in the lease agreements under the applicable state law; (3) whether the two lease agreements are security agreements or true leases; and (4) what effect plaintiff's repossession of the equipment, and any subsequent sale or lease of said equipment, has on damages. Plaintiff's memorandum shall also include evidence, preferably in the form of an affidavit, establishing when it took possession of the equipment, whether there was a sale of the equipment and, if so, the details of said sale(s); whether plaintiff has re-leased the equipment and, if so, the details of any such lease(s).

---

[1] Copies of the lease agreements plaintiff provided the Court were barely legible. Not only was the font minuscule, but the copies were not clear. Plaintiff will be ordered to provide legible copies of the lease agreements.

Plaintiff shall also provide evidence of the reasonable rental value for each piece of equipment from the date of defendant's default through the end date of the corresponding lease.

Accordingly,

**IT IS HEREBY ORDERED** that within thirty (30) days of the date of this Memorandum and Order, plaintiff shall file a memorandum of law with citation to relevant legal authority that conforms with the details of this Memorandum and Order to establish the amount of damages to which it believes it is entitled. Plaintiff shall also file clear and legible copies of the two lease agreements at issue in this case.

Failure to comply fully and timely with this Memorandum and Order may result in the denial of plaintiff's motion for default judgment.

                                                   **CHARLES A. SHAW**
                                                   **UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of January, 2009.